Dear Chief Adams:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for research and response.
You state that an officer in your municipal department was asked to assist a Lafourche Parish deputy on a complaint outside the Golden Meadow corporate limits, i.e., outside the department's jurisdiction. The officer did respond to the parish deputy's request for assistance.
Several questions have arisen because of this incident. We respond to each as presented in your correspondence, as restated herein:
 (1) Is the Golden Meadow Police Department (GMPD) legally obligated to render assistance to another police agency within the latter's jurisdiction upon request?
 (2) If an officer of the GMPD does respond to a call for assistance by another agency outside GMPD's jurisdiction, is this responding deputy protected by their jurisdiction and guidance?
 (3) If a GMPD officer is injured or injures another while assisting another police agency at their request, which department is held responsible?
In addressing the issue of whether a municipal police officer is limited in his or her police power to the jurisdiction in which he or she is employed, Attorney General Opinion 88-116 emphasized the axiom that "a police officer's police power is limited to the jurisdiction in which he is employed." Op. Atty. Gen. Opinion 88-116. Various provisions were cited in support of this assertion, which we also quote herein:
Code of Criminal Procedure Article 204 states:
 "The warrant shall be directed to all peace officers in the state. It shall be executed only by a peace officer, and may be executed in any parish by any peace officer having authority in the territorial jurisdiction where the person arrested is found, or by any peace officer having authority in one territorial jurisdiction in this state who enters another jurisdiction in close pursuit of the person arrested."
Code of Criminal Procedure Article 213 reads:
 "A peace officer in close pursuit of a person to be arrested, who is making an arrest pursuant to this article may enter another jurisdiction in this state and make the arrest."
LSA-R.S. 32:5 implies the same:
 "All law enforcement officers of this state or of any political subdivision thereof invested by law with authority to direct, control, or regulate traffic are authorized to enforce the provisions of this Chapter and regulations of the department . . . within their respective jurisdictions."
Based on the foregoing cited authority, a Golden Meadow police officer's jurisdiction is restricted to the territorial limits of the Town of Golden Meadow. Thus, while Golden Meadow is situated in Lafourche Parish, that town's officers are limited in power only to that portion of the parish that is incorporated into the Town of Golden Meadow. See Attorney General Opinion 88-116.
Only in limited circumstances has the legislature seen fit to allow an officer to exercise police power outside his or her jurisdiction.
A "close pursuit" situation limits jurisdiction as provided in Code of Criminal Procedure articles 204 and 213 until the suspect is arrested. A few other exceptions exist to the general bar on extended jurisdiction. LSA-R.S. 14:329.6 provides for a public emergency within the territorial limits of a municipality or parish. In such a subdivision or district, a judge, district attorney or sheriff of the parish at issue "may request the governor to proclaim a state of emergency within any part or all the territorial limits of such local government." LSA-R.S.14:329.6(A). Once this declaration has been granted, the proclaiming officer may appoint additional officers or request the assistance of officers of any municipality or parish insofar as possible without depleting the providing entity's minimum sources of protection to its own jurisdiction. LSA-R.S.14:329.6(D) and (E).
Also, while not particularly applicable to the situation at hand, LSA-R.S. 40:1379.1 does allow the superintendent of statepolice to issue at his discretion a special officer's commission to any person who can show need for statewide power.
More relevant to your inquiry is LSA-R.S. 33:1435.1 which, in part, states:
 A. Notwithstanding any other provisions to the contrary, the sheriff of each parish may issue to a municipal policeman a sheriff's commission permitting such officer to have parish wide law enforcement jurisdiction or jurisdiction within such limited area of the parish as the sheriff shall designate. Application for such a commission shall be made only by the chief law enforcement officer of a municipality or other political subdivision. A sheriff's commission may empower a local or municipal law enforcement officer to enforce any state law throughout the parish or may be limited in such a manner as the sheriff shall determine. Such power may include the authority to arrest law violators both with and without a warrant or may be for the limited purpose of permitting such officer to enforce certain designated state and local laws or perform only those functions designated by the sheriff, and he may determine whether or not the officer shall be permitted to carry a handgun.
The parish is a "political subdivision" of the state. LSA-Const. Art. VI, § 44(2). LSA-R.S. 33:1435.1 specifies that application for a commission can only be made by "the chief law enforcement officer of a municipality or other politicalsubdivision." LSA-R.S. 33:1435.1(A) (Emphasis added.)
Therefore, the sheriff of Lafourche Parish may commission a Golden Meadow municipal police officer, vesting this officer with police power within the territorial jurisdiction of Lafourche Parish. At the sheriff's discretion, these commissions can be limited or extend full police power to the commissioned officer. Op. Atty. Gen. 88-116, p. 5. LSA-R.S. 33:1435.1 legally obligates a GMPD officer to render assistance if the application for the commission is approved and that commission is issued specifically to that officer.
Further note that LSA-R.S. 33:1436 may be invoked by the sheriff. That statute provides:
 Every sheriff may call for the aid and command the services of every able bodied inhabitant of his parish to preserve the peace in cases of riot, to execute a process of court in cases where resistance is made or threatened. No person shall refuse such assistance.
 Whoever violates this Section may be punished by fine, at the discretion of the court, not exceeding twenty-five dollars.
This provision appears to be available to the sheriff should a situation become serious enough to constitute a riot. Assistance is mandatory if requested and a fine of twenty-five dollars may be issued by the court to those refusing this aid.
As per whose jurisdiction and guidance controls should assistance be rendered by the GMPD to the parish sheriff's office, the particular commission issued by the sheriff pursuant to LSA-R.S.33:1435.1 is controlling. That statute specifically states that the commission may permit "such officer to have parish wide law enforcement jurisdiction or jurisdiction within such limited area of the parish as the sheriff shalldesignate." LSA-R.S. 33:1435.1(A); (Emphasis added).
This statute designates the sheriff as the source of guidance to the commissioned municipal officer. The enforcement powers of the officer may be limited or expanded at the sheriff's discretion.Id. This discretion also controls what specific functions that officer is to have, including whether that officer is permitted to carry a handgun. Id. See, also, Atty. Gen. 88-116.
The issue of liability in cases of injury, whether inflicted or received by the municipal officer, rests upon a determination of the specific facts involved and pertinent statutory authority. Notwithstanding intentional tort situations, various statutes address governmental liability because of the tortious acts of the officer.
A municipality may be liable for the tortious acts of its officers if the conduct is "in the exercise of the functions in which they are employed." LSA-C.C. Art. 2320. The test for imposing vicarious liability on an employer for the tortious conduct of an employee requires that an employer "should be held to anticipate and allow for risks to the public that arise out of and in the course of the employment . . . each case on the imposition of vicarious liability is determined, of course, by its own circumstances." Johnson v. Gantt, 606 So.2d 854
(La.App. 2nd Cir. 1992); at page 860; writ den., 608 So.2d 196
(La. 1992).
In cases where a commission has been issued under R.S. 33:1435.1, liability has been designated by the legislature to remain with the municipality which originally employs that officer. LSA-R.S.33:1435.1(B) states:
 Municipal policemen, commissioned as herein provided, shall not be considered a deputy for any other purpose, and shall be treated for all purposes as a municipal policeman when acting pursuant to said commission; and any bond, insurance coverage, or professional liability for any municipal policeman commissioned hereunder shall be paid by the municipality for which he is a municipal policeman. (Emphasis added).
Under LSA-R.S. 33:1435.1 quoted above, the officer is "treated for all purposes as a municipal policeman" and, arguably, any vicarious liability resulting from his duties is to be shouldered by the municipal employer.
Individual immunity does exist where an officer has assisted in emergency medical situations. LSA-R.S. 37:1732 states, in applicable part:
 A. Any . . . policeman, . . . who holds a valid current certification by the American Red Cross, L.S.U. Fireman Training Rescue Program, United States Bureau of Mines, or any equivalent training program approved by the Department of Health and Human Resources who renders emergency care, first aid, or rescue while in the performance of his duties at the scene of an emergency or moves a person receiving such care, first aid, or rescue to a hospital or other place of medical care shall not be individually liable to such a person for civil damages as a result of acts or omissions in rendering the emergency medical care, . . . except for acts or omissions intentionally designed to harm or grossly negligent acts or omissions that result in harm to such person, . . . (Emphasis added).
Therefore, if the officer holds valid certification, he or she is not personally liable for simple negligence in the performance of medical assistance in relation to his duties as an officer. However, Subsection B of the same statute does not extend this immunity to "any employer or other person legally responsible for the acts or omissions of such . . . policemen . . .". LSA-R.S.37:1732(B). The municipality would therefore not escape liability under these particular provisions.
The municipality may, however, be entitled to immunity from civil damages where the officer acts pursuant to the "instructions" of a physician. LSA-R.S. 40:1235, in applicable part, states:
 "A. (1) Any basic, intermediate, or paramedic emergency medical technicians certified pursuant to the terms of this Part who render emergency medical care to a person while in the performance of his medical duties and following the instructions of a physician shall not be individually liable to such a person for civil damages as a result of acts or omissions in rendering the emergency medical care, except for acts or omissions intentionally designed to harm, or for grossly negligent acts or omissions which result in harm to such person . . .
 (2) The immunity granted herein . . . shall extend to parish governing authorities, police departments, sheriff's offices, fire departments, or other public agencies engaged in rendering emergency medical services . . ." (Emphasis added.)
Consequently, should the municipal officer be rendering medical assistance and following a physician's instructions, the municipality employing that officer will receive immunity with regard to any simple negligence on the part of that officer.
Finally, note also that LSA-R.S. 9:2798.1 provides immunity to a municipality for certain "policy-making" or "discretionary acts or omissions" as follows:
 B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policy-making or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
 C. The provisions of Subsection B of this Section are not applicable:
 (1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policy-making or discretionary power exists; or
 (2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.
See the case of Kneipp v. City of Shreveport, 609 So.2d 1163
(La.App. 2nd Cir. 1992); writ den., 613 So.2d 976
(La. 1993) for a discussion of the analysis involved in the application of LSA-R.S. 9:2798.1.
SUMMARY
A police officer's power is limited to the jurisdiction in which he is employed. Unless an emergency, "hot pursuit", or riot situation exists, the only means to legally obligate a municipal officer to assist a parish sheriff's office in the latter's enforcement duties is contained within the commission provisions of LSA-R.S. 33:1435.1. This statute also empowers the parish official requesting the commission to limit the municipal officer's authority outside the municipality; however, for all other purposes, the officer remains a municipal officer.
A municipality may be held vicariously liable for the tortious conduct of its officers under LSA-C.C. Art. 2320. Various statutes deal with specific liability in medical assistance and/or emergency situations. The question of municipal liability, however, is fact-sensitive and, as such, cannot be answered specifically without more information on the issue at hand.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Chief Reynold Adams Town of Golden Meadow 313 North Bayou Drive Golden Meadow, LA 70357
Date Received:
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL